UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-mj-04503-Louis

FILED BY __TS__ D.C.

Dec 4, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

WILLIAM ALBERTO CANO and
JORGE ALEJANDRO GIRALDO ZULUAGA,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: *Brian D. Ralston*
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1068
Email: Brian.Ralston@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**WILLIAM ALBERTO CANO**<br>and<br>**JORGE ALEJANDRO GIRALDO ZULUAGA,**<br>*Defendants.* | Case No. 1:24-mj-04503-Louis |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 2, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554 | Smuggle Firearms from the United States |
| 18 U.S.C. § 371 | Conspiracy to Commit an Offense or Defraud the United States |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Kevin Castaneda, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __December 4, 2024__

*Judge's signature*

City and state: __Miami, Florida__   Honorable Lauren F. Louis, United States Magisrate Judge
*Printed name and title*

## AFFIDAVIT

I, Kevin Castaneda, being duly sworn, hereby depose and state the following:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since October of 2023. In connection with my official duties, I have investigated and assisted other agents in investigating numerous cases involving a wide variety of criminal violations, including, but not limited to, narcotics trafficking, firearms smuggling, money laundering, and fraud.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516.

3. The information set forth in this Affidavit is provided in support of the attached criminal complaint charging **Jorge Alejandro Giraldo Zuluaga** and **William Alberto Cano** with violations of Title 18, U.S.C. § 922(e), all in violation of Title 18 U.S.C. § 554—Smuggling goods from the United States, and Title 18 U.S.C. § 371—Conspiracy to commit offense or to defraud United States.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation.

## **PROBABLE CAUSE**

5. On December 2, 2024, HSI Miami Special Agents responded to Siati Express, a freight forwarding company located at 6117 NW 72 Avenue, Miami, FL 33195, after receiving a call from an employee of Siati Express. The employee stated that an individual provided packages to Siati Express for shipment to Ecuador. The employee later inspected the packages, and the packages were found to contain expanding foam. The employee contacted law enforcement because he found it unusual that there was expanding foam on new Vissani oven hoods. HSI agents inspected the packages and found firearms concealed in expanding foam within the Vissani oven hoods. Siati Express was not provided notice that the packages contained firearms.[1]

6. The following day on December 3, 2024, the employee contacted HSI agents and stated that the individual who delivered the packages had returned to Siati Express and was requesting that the packages be returned to him. Upon arrival at Siati Express, HSI agents encountered **Zuluaga** in the lobby area of the business. **Zuluaga** was later identified by the employee of Saiti Express as the individual who delivered the packages containing firearms to Saiti Express. During a consensual encounter with **Zuluaga**, he stated that his friend was in a blue BMW X3 in the parking lot. A review of surveillance footage at Siati Express showed that on December 2, 2024, the same blue BMW X3 delivered the packages containing firearms to Siati Express.

7. Agents approached the blue BMW X3, which was determined to be registered to **Cano**, and spoke with the driver, who identified himself as **Cano**. **Cano** verbally consented to a search

---

[1] Title 18, U.S.C. § 922(e) provides, "It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped."

of his vehicle, which emitted a strong odor of marijuana. Agents located several passports with **Cano's** name and photo. Agents asked **Cano** if any drugs would be found in the vehicle, and **Cano** replied that there were "pepitas" in addition to the marijuana he had just smoked. Agents asked **Cano** why he was in the parking lot. **Cano** stated his AirBnB rental at a building called "The Club" had ended, so he was waiting in the area to meet up with a friend for lunch. **Cano** also stated he was waiting to be paid in TRX, a cryptocurrency, for a business deal. When asked what business he owned, **Cano** stated he was in the business of shipping electronics. Agents explained to **Cano** he was only being detained and asked if he would consent to a formal interview at the SAC Miami Office. **Cano** agreed to a formal interview at the SAC Miami Office. **Zuluaga** also consented to going to the SAC Miami Office for a formal interview. Both **Cano** and **Zuluaga** were then transported by HSI agents to the SAC Miami Office.

8. Prior to entering a holding cell at the SAC Miami Office, **Cano** and **Zuluaga** were patted down for the agents' safety. During the pat down of **Cano**, an HSI agent noticed that **Cano's** underwear had a substance similar to the expanding foam that surrounded the concealed firearms.

9. In a recorded interview room at the SAC Miami Office, **Zuluaga** was read his *Miranda* rights in Spanish by HSI agents. He stated that he understood that advisement and signed a *Miranda* waiver. **Zuluaga** told agents that he was directed by **Cano** to deliver the packages to Siati Express. **Zuluaga** stated this was the second shipment in about 10 days that **Cano** had tasked him with delivering to Siati Express. **Zuluaga** stated he was supposed to be paid $200 for the first shipment, which he dropped off in **Cano's** BMW X3, but was never paid. **Zuluaga** added he was to be paid $600 in total following the retrieval of the oven hoods he has delivered on December 2, 2024, to Siati Express.

10. A Home Depot receipt found during an inventory of **Zuluaga's** belongings revealed a purchase on December 1, 2024, for Vissani oven hoods, which was the same make and model of oven hoods that contained the concealed firearms. When confronted about the receipt, **Zuluaga** stated he was directed by **Cano** to purchase the oven hoods. **Zuluaga** said **Cano** let him borrow the BMW X3 to drive to the Home Depot and purchase the oven hoods with **Cano's** credit card. Additionally, the inventory revealed another shipping receipt that showed **Zuluaga** as the sender, but contained **Cano's** email address and phone number as the contact information.

11. **Zuluaga** was asked if he would consent to a search of his iPhone SE. **Zuluaga** signed a consent form after reading it aloud. In the iPhone SE, agents located photos of AR-15 style rifles on the floor of a room. Agents also found a photo of an individual with tattoos matching those on **Zuluaga**'s arm holding an AR-15 style rifle. **Zuluaga** admitted he took photos, including the one of him holding an AR-15 style rifle. When asked where he took the photos of the firearms, **Zuluaga** stated they were taken in an apartment at "The Club" rented by **Cano**. Agents asked **Zuluaga** who the firearms belonged to and **Zuluaga** stated that he believed that they belonged to **Cano** because they were in **Cano's** apartment.

12. Based on my training and experience, I know firearms traffickers will often instruct, and compensate, other individuals to ship and receive firearms on their behalf to avoid detection of law enforcement and to hide the identified of the real shippers and receivers.

[remainder of page intentionally left blank]

## CONCLUSION

13. Based on the forgoing, I respectfully submit that there is probable cause to support a criminal complaint against **Zuluaga** and **Cano** for violations of Title 18 U.S.C. § 922(e), all in violation of Title 18 U.S.C. § 554 and Title 18 U.S.C. § 371.

**FURTHER AFFIANT SAYETH NAUGHT.**

KEVIN CASTANEDA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __4__ day of December 2024.

HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

5